IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2011-BO

| | |
|---|---|
| WALTER L. KING, )<br>Petitioner, )<br>)<br>v. )<br>)<br>JONATHAN MINER, )<br>Respondent. ) | O R D E R |

Walter L. King, a D.C. Code Offender, petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleges that he is being held at Rivers Correctional Institute in violation of his due process rights as a result of the United States Parole Commission's (USPC) illegal increase of his sentence. Pursuant to the Federal Rule of Civil Procedure 12(b)(6), respondent moves to dismiss the matter. Petitioner responded, and the matter is ripe for determination. For the following reasons, this matter is dismissed.

On November 27, 1983, in the Superior Court for the District of Columbia, petitioner was given a sentence of life imprisonment for armed robbery and related offenses. (Mem. in Supp., Case No. F6459-83, Exhibit 1) While incarcerated, on May 18, 1994, petitioner pled guilty to a criminal information that charged him with possession of cocaine by a prisoner, in violation of § 53.1-203(5), Virginia Code 1950, all in violation of 18 U.S.C. § 13. The District Court for the Eastern District of Virginia sentenced petitioner to 33 months' imprisonment, which it ordered was to be served consecutive to his D.C. sentence. Id. As a result, the criminal conduct was considered by the Commission in setting a 2004 parole date, the USPC backdated his parole to May 24, 2002. As of that date, petitioner began to serve the consecutive 33 month sentence. On

October 17, 2004, the USPC (nunc pro tunc to May 24, 2002) ordered petitioner released on parole.

On December 9, 2005, the District Court in the Eastern District of Virginia found petitioner had violated the terms of his supervised release. Petitioner was re-sentenced to six months' imprisonment. Following an April 18, 2007, hearing, petitioner's parole was revoked again; this time for drug-related new law and administrative violations. On July 11, 2007, petitioner was re-paroled after service of 20 months' imprisonment. Petitioner appealed the USPC's decision, which the National Appeals Board affirmed.

On January 31, 2009, the Superior Court of the District of Columbia issued a complaint charging petitioner with the knowing distribution of heroin on or about January 30, 2009. On February 21, 2009, the USPC issued a violator warrant based on administrative violations (drug use, failure to submit to drug testing, violation of special conditions) and the new law violation (distributing heroin on or about January 30, 2009). On April 14, 2009, the warrant was executed.

On May 28, 2009, petitioner pleaded guilty to attempted distribution of heroin. He was sentenced to 24 months' imprisonment, to be served consecutive to any other terms and imprisonment. On June 2, 2009, the USPC issued a supplemental warrant detailing the conviction.

On June 8, 2009, the USPC held an Institutional Revocation hearing. The hearing examiner found petitioner used dangerous and habit forming drugs (violation 1), failed to submit to drug testing (violation 2), and violated special conditions relating to drug aftercare/alcohol abstinence (violation 3). Petitioner admitted that he attempted to distribute heroin (violation 4). The USPC examiner revoked petitioner's parole at the conclusion of the hearing. The examiner further held that petitioner's parole would restart on June 13, 2010, after he served 14 months on

the consecutive parole violation sentence imposed. At that time, he would begin serving the sentence itself for the May 28, 2009, criminal heroin conviction rather than the term imposed for the parole violation stemming therefrom (as well as administrative violations).

On July 12, 2009, the USPC revoked petitioner's parole and set a presumptive re-parole date of June 13, 2010. Petitioner was paroled effective June 13, 2010, to the new (2009) sentence.

On June 28, 2010, petitioner sent a request to the prison staff regarding his receipt of the July 12, 2009, notice of action by USPC. On July 29, 2010, the Bureau of Prisons responded. It stated the notice of action dated June 18, 2010 (issued after the re-parole date of June 13, 2010) overrode the July 12, 2009, notice of action. On July 30, 2010, petitioner filed an informal request for administrative remedies seeking for the notice of action, guideline range, and time credit toward his sentence corrected. The prison staff responded that the June 18, 2010, notice of action did not contradict the previous notice of action.

On August 17, 2010, petitioner filed a request for administrative remedy with the Warden. Petitioner asserted that the July 12, 2009, notice of action increased his guideline range without notice and was an upward departure by the parole commission. Petitioner sought 14 months' service credit on the consecutive sentence he is presently serving. On August 26, 2010, the Warden denied the request. Thereafter, he appealed the matter to the Regional Director and then to the Central Office.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50.

In order for a writ of habeas corpus to issue pursuant to 28 U.S.C. § 2241, a petitioner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C § 2241(c)(3). Petitioner has failed to state a claim for habeas relief; specifically, he has failed to establish that the Parole Commission has any jurisdiction over his current incarceration.

"[T]he privilege of habeas corpus entitles the prisoner to a opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." Boumediene v. Bush, 553 U.S. 723, 128 S. Ct. 2229, 2266 (2008) (citing INS v. St. Cyr, 533 U.S. 289, 302 (2001)). Petitioner's claim appears to be based on a misunderstanding of the USPC's July 12, 2009, notice of action. The USPC gives credit against its re-parole guidelines for periods of time that a parolee is incarcerated on a new federal or state sentence; but that time is distinct from time spent incarcerated on the paroled sentence. 28 C.F.R. §§ 2.21(c), 2.47(e)(1). Cf. Bowen v. U.S. Parole Commission, 805 F.2d 885, 888 (9th Cir. 1986) (explaining the difference between sentence credit and re-parole guidelines credit); Staege v. U.S. Parole Commission, 671 F.2d 266, 269 (8th Cir. 1982) ("there is a distinction between the credit given in applying the re-parole guidelines and the credit given in calculating the extent of the violator

term"). Petitioner was to serve a total of 34 months for his parole violation behavior: 14 months' on his life sentence and 20 months' on the consecutive 2009 sentence. In setting his re-parole date on the life sentence, the USPC credited petitioner for the 20 months' he would serve on the 2009 sentence. Nothing in the notice issued by the USPC on July 12, 2009, was meant to reduce the 24-month sentence imposed by the D.C. Superior Court on May 28, 2009. The notice states that petitioner will be "re-parole[d] June 13, 2010 after service of 14 months to the consecutive sentence imposed in Docket No. 2009-CF2- 2377." (Mem. in Supp., D.E. # 7-13) It continues with the explanatory language: "This requires the service of 34 months toward your guidelines, including the time that you will serve on the consecutive sentence." In the June 18, 2010, notice, the USPC effectuated the presumptive parole date: it paroled petitioner "effective June 13, 2010 nunc pro tunc to the consecutive sentence imposed in Docket No. 2009-CF2-2377."[1] Likewise, the appeal explains, "[o]n June 18, 2010, a NOA was issued by the USPC granting parole effective date of June 13, 2010, to the consecutive sentence. Your current sentence commended on June 13, 2010, the date of parole from your previous sentence, and the earliest date possible pursuant to 18 U.S.C. § 3585(a)." Therefore, petitioner served time for the parole violations themselves until June 13, 2010. On that date, he began to serve the 24 month sentence for the

---

[1]As stated in respondent's memorandum, USPC lacked authority to reduce the D.C. Superior Court's 2009, sentence. Sentences for D.C. Code crimes committed before August 5, 2000 have both a maximum and a minimum term, and the Parole Commission is empowered to grant parole once the minimum term has been served. D.C. Code §§ 24-403, 24-404. See also U.S. Parole Commission Rules and Procedures Manual §§ 2.70 - 2-107; and Note 2.70-01(a) ("This subpart [regarding parole of D.C. Code offenders] applies only to D.C. Code offenses committed before August 5, 2000 "). Conversely, all sentences imposed by the D.C. courts for crimes occurring on or after August 5, 2001, are for a specific, determinate length. D.C. Code §§ 24-403.01 - 24-403.02. The 2009 sentence was for conduct occurring on January 30, 2009, and was for a definite length. The USPC has no jurisdiction to release petitioner before he has served his 24-month term.

May 28th, 2009, heroin conviction from the Superior Court of the District of Columbia. Petitioner fails to state on which relief can be granted.

Accordingly, the Motion to Dismiss is GRANTED, and the Clerk is DIRECTED to CLOSE the case (D.E. # 6). Having so determined all other pending motions are DENIED as MOOT (D.E. # 9).

SO ORDERED, this 16 day of August 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6
Case 5:11-hc-02011-BO   Document 10   Filed 08/19/11   Page 6 of 6